IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Northern Division

| | |
|---|---|
| STEVEN J. SHAPIRO, | * |
| Plaintiff, | * |
| v. | *   Civil Action No. MJG-02-3931 |
| RAY T. BERRY, *et al.*, | * |
| Defendants. | * |

\* \* \* \* \* \* \* \* \* \* o0o \* \* \* \* \* \* \* \* \*

**DEFENDANTS' MOTION TO BIFURCATE LIABILITY FROM DAMAGES
AND STAY DAMAGES DISCOVERY**

Defendants, Ray T. Berry and Behavioral Health Care Management Systems, Inc., by and through their undersigned attorney, respectfully move pursuant to Fed.R.Civ.P. 42(b) to bifurcate liability from damages and stay damages discovery on the grounds that judicial resources will be preserved and prejudice to the parties and inefficiency will be minimized.

In support of their Motion, defendants submit the accompanying Memorandum. A proposed Order is attached.

Respectfully submitted,

_____/s/_____
Andrew D. Levy (Fed. Bar No. 00861)
BROWN, GOLDSTEIN & LEVY, LLP
120 East Baltimore Street, Suite 1700
Baltimore, Maryland 21202
(410) 962-1030

Attorney for Defendants

Dated: April 25, 2003

## REQUEST FOR HEARING

Defendants respectfully request a hearing on their Motion to Bifurcate Liability from Damages and Stay Damages Discovery.

/s/
Andrew D. Levy (Fed. Bar No. 00861)

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Northern Division**

| | | |
|---|---|---|
| STEVEN J. SHAPIRO, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. MJG-02-3931 |
| RAY T. BERRY, *et al.*, | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* o0o \* \* \* \* \* \* \* \* \*

## **ORDER**

Upon Defendants' Motion to Bifurcate Liability from Damages and Stay Damages Discovery, and Plaintiff's response having been considered, it is this _____ day of _____, 2003 by the United States District Court for the District of Maryland,

**ORDERED**, that Defendants' Motion be, and hereby is, **GRANTED**.

Marvin J. Garbis
United States District Judge

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Northern Division**

| | | |
|---|---|---|
| STEVEN J. SHAPIRO, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. MJG-02-3931 |
| RAY T. BERRY, *et al.*, | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* o0o \* \* \* \* \* \* \* \* \*

**MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO BIFURCATE
LIABILITY FROM DAMAGES AND STAY DAMAGES DISCOVERY**

**Table of Contents**

Table of Contents . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . i

I.  Background. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1
    A. Plaintiff alleges a "verbal contract" entitles him to 50% of the defendant
       corporation . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1
    B. Plaintiff seeks a staggering amount of discovery on the value of the defendant
       corporation . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

II. Trial of Liability Should Be Bifurcated from Trial of Damages . . . . . . . . . . . . . . . . . . . . . 6
    A. Bifurcation is warranted when the issues are particularly complex and/or the
       proof of damages is essentially independent of the proof of liability. . . . . . . . . . . 6
    B. This case is an appropriate one for bifurcation . . . . . . . . . . . . . . . . . . . . . . . . . . 7
       1. This is not a typical contract action . . . . . . . . . . . . . . . . . . . . . . . . . . . 7
       2. A finding on liability may eliminate the need for a trial on damages . . . . 7
       3. Proof of damages is independent of proof of liability . . . . . . . . . . . . . . . 8

III. Discovery on Damages Should Be Stayed . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

IV. Conclusion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Defendants, Ray T. Berry and Behavioral Health Care Management Systems, Inc., by and through their undersigned attorney, respectfully move pursuant to Fed.R.Civ.P. 42(b) to bifurcate liability from damages and stay damages discovery on the grounds that judicial resources will be preserved and prejudice to the parties and inefficiency will be minimized.

As will be discussed in more detail below, plaintiff seeks to use a barely-colorable breach of "verbal" contract claim to conduct extremely burdensome and invasive discovery into defendants' financial and business affairs. This discovery – if relevant at all – is relevant only to calculating the damages to which plaintiff would arguably be entitled in the unlikely event he obtains a judgment. The discovery plaintiff seeks, moreover, contains a virtual "blueprint" into defendants' business, and is thus of incalculable value to a current or potential competitor, such as plaintiff. *See* Affidavit of Ray T. Berry, attached as Exhibit A, at ¶4. For all of these reasons, this Court should bifurcate the trial of liability from damages, and stay discovery into damages unless and until plaintiff prevails on liability.

**I.    Background.**

    **A.    Plaintiff alleges a "verbal contract" entitles him to 50% of the defendant corporation.**

Plaintiff has sued defendants alleging that he and defendants are parties to a "verbal contract" entered into "in or about June 2000," Complaint at ¶10, pursuant to which plaintiff is allegedly entitled to a "50% equity interest" in the defendant corporation. *Id.* at ¶¶10, 27, 40, 41, and 57.[1] Plaintiff claims that in consideration for one-half of the corporation, he "was to provide expertise and knowledge to the business, as well as a $5,000.00 initial cash contribution," *id.* at

---

[1] In addition to the 50% equity interest, plaintiff claims to be entitled to 50% of its "gross profits," which apparently is the company's revenue net some (but apparently not all) of its expenses. *See* Complaint at ¶11.

¶10, all of which he provided despite being a full-time employee of the United States Department Health and Human Services "at all relevant times." *Id.* at ¶8.

Defendants's defense is that there was no such agreement and that even the "contract" alleged by the plaintiff is too vague to be enforceable under Maryland law. *See Mogavero v. Silverstein*, 142 Md. App. 259 (2002). In addition, any such contract would be patently illegal given plaintiff's status as a full-time federal employee with direct grant authority over many of the very programs in which the defendants participate.

### B. Plaintiff seeks a staggering amount of discovery on the value of the defendant corporation.

Despite (or perhaps because of) his tenuous case on liability, plaintiff has devoted one quarter of his interrogatories and most of his document requests to the issue of damages.[2] Plaintiff has propounded an incredibly broad and invasive range of discovery to both the corporate and the individual defendants, the majority of which (to the extent they are relevant at all) appear related to discovering and documenting the value of the defendant corporation. For example, plaintiff has sought from the corporate defendant:

– "any and all bank accounts of any kind maintained by you, setting forth the financial institution(s) where such account(s) are held, and the account number(s)," Plaintiff's Interrogatory No. 13 to BHCMS;

– "all entities and persons who have done business with you at any time from 1997 to present," *id.* at 14;

– an identification "with particularity of all contracts of any kind, whether written

---

[2] Nine of the 40 interrogatories, and 26 of the 47 requests for production of documents appear to relate wholly or principally to "damages", *i.e.*, the value of BHCMS and the personal financial affairs of Ray Berry. Plaintiff's Interrogatories to BHCMS and to Mr. Berry are attached as Exhibits B and C, respectively, and plaintiffs Request for Production of Documents to BHCMS and Mr. Berry are attached as Exhibits D and E, respectively.

or verbal, entered into by you at any time," *id.* at 16; and

– "all proposals of any kind, whether written or verbal, generated or made by you at any time." *Id.* at 17.

From the individual defendant, plaintiff has asked for:

– an identification of everywhere he has worked for the past ten years, including "the rate or amount of your compensation at the beginning and end of the employment," Plaintiff's Interrogatory to Ray Berry No. 6;

– a description of "all sources of income other than your employment or self-employment," *id.* at 7;

– "any and all bank accounts of any kind maintained by you, your present spouse, your children, and/or any company in which you are involved, setting forth the financial institution(s) where such account(s) are located, the name(s) in which such account(s) are held, and the account number(s)," *id.* at 20;

– "all entities and persons who have done business with you at any time from 1997 to the present," *id.* at 21;

– "all contracts of any kind, whether written or verbal, entered into by you or any entity in which you are or ever were an officer, employee, or director at any time since 1997," *id.* at 22; and

– "all proposals of any kind, whether written or verbal, generated or made by you or any entity in which you are or ever were an officer, employee, or director at any time since 1997." *Id.* at 23.[3]

Plaintiff seeks an even *broader* group of documents relating to the corporate defendant's business financial and business affairs. For example, in addition to seeking virtually all of the corporate defendant's internal financial documents (*see* Plaintiff's Request for Production of Documents to BHCMS No. 2 seeking "all documents" used to prepare a November 2002 "Profit

---

[3] Incredibly, he has also asked Mr. Berry "the number of times you have been married; the date and place of each such marriage; the manner, date and place of termination of each marriage if applicable; and the name and present residence of your spouse and any former spouse(s)," Plaintiff's Interrogatory to Ray Berry No. 4, and "the full name, date of birth and present residence address of each child of yours whether or not born within a marriage. *Id.* at 5.

3

and Loss" statement compiled by the company), plaintiff seeks to discover:

– "all documents referring or relating to any financial accounts (including, but not limited to, bank, checking, money market, escrow, or other accounts) held by you, held in your name, or to which you hold or have ever held an interest of claim," *id.* at 20; and

– all of the above documents "maintained by any entity with which you are or have been involved," *id.* at 21; as well as

– "any and all documents concerning, relating to, or pertaining to any securities which you now own or had any ownership interest in at any time during the period 1995 to the present including, but not limited to, stocks, bonds, options, futures, warrants, mutual funds, limited partnership interests, shares in privately or closely held corporations, or any other securities whatsoever." *Id.* at 23.[4]

Many of plaintiff's other discovery requests also relate either entirely or principally to damages. Plaintiff seeks discovery into a number of wide variety of the corporate defendant's business activities, matters which appear relevant (if at all) only to damages. Plaintiff seeks documents relating to the following, each of whom is a prospective, present, or former client, customer, and/or business associate of the defendants[5]:

– "all documents referring or relating to SubAward #Q112601 (University of Maryland), including, but not limited to, all payments on the SubAward, all expenses on the SubAward, all correspondence on the SubAward, and all other documents referring or relating to the SubAward.," Plaintiff's Request for Production of Documents to BHCMS No. 3;

– "all documents referring or relating to any contract with or relating to Bexar County, San Antonio, Texas, or any other contract or other business endeavor in the State of Texas and involving you or any company in which you are or have been involved, including, but not limited to, all payments, all expenses, all correspondence, and all other documents referring or relating to such contract(s) or business endeavor(s)," *id.* at 4;

---

[4]Plaintiff also seeks identical documents from Mr. Berry individually. *See* Plaintiff's Requests for Production of Documents Nos. 9, 20, and 22.

[5]*See* Affidavit of Ray T. Berry at ¶4.

4

– "all documents referring to or relating to any contract with or relating to Orlando Human Services Associates, or any other business endeavor in the State of Florida and involving you or any company in which you are or have been involved, including, but not limited to, all payments, all expenses, all correspondence, and all other documents referring to relating to such contract(s) or business endeavor(s)," *id.* at 5;

– "all documents referring or relating to any contract relating to issues involving the mentally ill, juvenile offenders, substance abuse, health, and drug education and treatment and involving you or any company in which you are or have been involved, including, but not limited to, all payments, all expenses, all correspondence, and all other documents referring to such contract(s) or business endeavor(s)," *id.* at 6;

– "all documents referring or relating to Frank Francisco and/or Human Service Associates," *id.* at 15;[6]

– "all documents referring or relating to Sysinct and/or any agents, servants, or employees or Sysinct.," *id.* at 16;[7]

– "all documents referring or relating to Neal A. McGarry and/or Laurie McGarry," *id.* at 17;[8]

– "all documents referring or relating to Christopher B. Brooks," *id.* at 18;

– "all documents referring or relating to the University of Maryland and/or the State of Maryland," *id.* at 19.

It is easy to imagine the expense defendants will need to go to respond to this discovery, and if this is a sign of what it will take for plaintiff to prove his damages cases, the amount of court time required will apparently be substantial.

Moreover, the value of materials like this to plaintiff, whom defendants believe to be a

---

[6]BHCMS has done business with Mr. Francisco's company, Human Service Associates ("HSA") on several occasions. Plaintiff has also served a Notice of Deposition *Duces Tecum* on Mr. Francisco and HSA, attached as Exhibit F.

[7]BHCMS has done business with Sysinct on several occasions. Plaintiff has also served a Notice of Deposition *Duces Tecum* on Sysinct, attached as Exhibit G.

[8]Mr. McGarry is a business associate of Mr. Berry's and a BHCMS stockholder. Laurie McGarry is his wife. Plaintiff has also served a Notice of Deposition *Duces Tecum* on Mr. McGarry, attached as Exhibit H.

current or future direct competitor, is impossible to calculate.  No protective order could genuinely prevent the damage to defendants that release of these documents to plaintiff would cause.

## II.     Trial of Liability Should Be Bifurcated from Trial of Damages.

### A.     Bifurcation is warranted when the issues are particularly complex and/or the proof of damages is essentially independent of the proof of liability.

The Federal Rules of Civil Procedure provide that:

> The court, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial of any claim, cross-claim, counterclaim, or third-party claim, or of any separate issue, or of any number of claims, cross claims, counterclaims, third-party claims, or issues, always preserving inviolate the right of trial by jury as declared by the Seventh Amendment to the Constitution or as given by a statute of the United States.

Rule 42(b), Fed.R.Civ.P.  "[W]hether the purposes of Rule 42(b) will be achieved by separation is left to the trial court's informed discretion."  *Molinaro v. Watkins-Johnson CEI Div.*, 60 F.R.D. 410, 413 (D. Md. 1973) (Northrop, C.J.), citing *Bedser v. Horton Motor Lines*, 122 F.2d 406 (4th Cir. 1941).

"Bifurcation is warranted when the issues are particularly complex and/or the proof of damages is essentially independent of the proof of liability."  *Air-Shields, Inc. v. The BOC Group*, 1992 U.S. Dist. LEXIS 17398, *3 (D. Md. 1992) (Nickerson, J.), citing *Brad Ragan, Inc. v. Shrader's Inc.*, 89 F.R.D. 548, 550 (S.D. Ohio 1981).  In *Air-Shields,* this Court looked at three factors in deciding whether to bifurcate liability from damages: (1) the potential complexity of proving liability; (2) the possibility that putting off trial on damages might

6

eliminate the need to decide that issue at all; and (3) whether there is little or no overlap between the evidence necessary to prove liability, and the evidence necessary to prove damages.

  **B.**  **This case is an appropriate one for bifurcation.**

Although the instant case is not a "patent suit," it is otherwise similar in most respects to *Air-Shields*, a case in the which this Court granted the defendants' motion to bifurcate trial of liability from damages. The Court did so "judging from the technical nature of this case, Plaintiff's detailed discovery requests, and Plaintiff's dual theories of recovery, the damages and liability issues will be complex." *Air-Shields* at *4 (internal citation omitted).

  **1.**  **This is not a typical contract action.**

As to the complexity of proving liability, plaintiff alleges that a series of oral conversations between him and the individual creating a "verbal contract." Complaint at ¶¶10 and 41. Unlike a typical contract action, in which proof of the written contract itself is relatively simple and straightforward, plaintiff here must proof his contract by some means other than simply introducing a written contract into evidence.[9]

  **2.**  **A finding on liability may eliminate the need for a trial on damages.**

In *Air-Shields* this Court also found that "separate trials will promote judicial economy."

> A determination that the patent is not infringed or a determination that the patent is invalid in the liability phase will circumvent the need for a lengthy damages phase, saving the time of the Court, the jurors, the witnesses and the parties. Moreover, a finding of liability may promote settlement, potentially obviating the need for the damages trial.

---

[9]In *Air-Shields* this Court noted that the fact that the plaintiff prayed a jury trial added to potential complexity and time necessary to try to case. Plaintiff has prayed a jury trial in this case. *See* Complaint at 1.

*Id.* at 5.  Similarly, in this case, a determination that there was not contract between plaintiff and defendants "in the liability phase will circumvent the need for a lengthy damages phase, saving the time of the Court, the jurors, the witnesses and the parties.  Moreover, a finding of liability may promote settlement, potentially obviating the need for the damages trial."

    **3.**    **Proof of damages is independent of proof of liability.**

Closely related to the previous fact, and most compelling in this case, bifurcation is also warranted when, as here, "proof of damages is essentially independent of the proof of liability."  *Air-Shields* at *3.  In *Air-Shields*, this Court found that "proof of damages in this case is largely independent of proof of liability," *id.*, and thus "bifurcation in this case will serve convenience and judicial economy."  *Id.* at *6-7.  While there was a small amount of "overlap", the court found "that any overlap in proof between damages and liability is likely to be de minimis."  *Id.* at *6-7.

Here, plaintiff claims entitlement to a "50% equity interest" in the company.  So stated, damages – at least the amount of damages – is in no way an essential element of plaintiff's claim.  He is entitled to prevail on liability even if he has no damages, that is, whether the corporation is worth a million dollars or has a negative net worth.  Rather, if he is right that he is entitled to a "50% equity interest," he is entitled to an accounting.  Indeed, an accounting is one of the remedies he seeks.  *See* Count VI (Accounting), Complaint at 13.[10]  There is no reason, therefore, that he needs discovery into damages to establish his *prima facie* case (and his attempt

---

[10]*See also* Count I (Breach of Contract) Prayer for Relief (c), Complaint at 7; Count II (Declaratory Judgment) Prayer for Relief (c), Complaint at 8.

to do so is essentially an effort to engage in post-judgment discovery). In each of these respects, this case is similar to *Air-Shields*.

### III.     Discovery on Damages Should Be Stayed.

The damages discovery propounded by plaintiff makes clear his determination to root through every aspect of the defendants' sensitive financial affairs. This is offensive under the best of circumstances. It is particularly so in this case because of the fact that plaintiff is a potential competitor.[11] Because of the expansive and invasive nature of the damages discovery sought by plaintiff, damages discovery should be stayed unless and until there is a determination that plaintiff has finding that plaintiff is entitled to the 50% equity interest he seeks.

### IV.     Conclusion.

WHEREFORE, defendants pray that this Court grant their Motion to Bifurcate Liability from Damages and Stay Damages Discovery.

Respectfully submitted,

/s/
Andrew D. Levy (Fed. Bar No. 00861)
BROWN, GOLDSTEIN & LEVY, LLP
120 East Baltimore Street, Suite 1700
Baltimore, Maryland 21202
(410) 962-1030

Attorney for Defendants

Dated: April 25, 2003

---

[11] During discussions prior to the filing of the suit, plaintiff made clear his determination to establish a competing business known as Social Systems Information Solutions, Inc. ("SSIS"). *See* Affidavit of Ray T. Berry at ¶5. The documents sought by plaintiff in the name of "damages" discovery would be incredibly valuable to a potential competitor, such as the plaintiff. *Id.* at ¶6.

9