**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**Northern Division**

| | |
|---|---|
| STEVEN J. SHAPIRO, | * |
| Plaintiff, | * |
| v. | *    Civil Action No. MJG-02-3931 |
| RAY T. BERRY, *et al.*, | * |
| Defendants. | * |

\*   \*   \*   \*   \*   \*   \*   \*   \*   o0o   \*   \*   \*   \*   \*   \*   \*   \*   \*

**MOTION OF DEFENDANTS RAY T. BERRY, BEHAVIORAL HEALTH CARE**
**MANAGEMENT SERVICES, AND DEPONENT COURTNEY BERRY**
**FOR ISSUANCE OF A PROTECTIVE ORDER**

Pursuant to Rule 26(c), defendants Behavioral Health Care Management Services, Inc. ("BHCMS") and Ray T. Berry, and deponent Courtney Berry, by their undersigned attorneys, seek the issuance of a protective order preventing plaintiff from compelling her to sit for the deposition noted for May 22, 2003.

**I.      Introduction.**

Plaintiff, a Maryland resident, has noted the deposition of Courtney Berry, the chief executive officer of defendant BHCMS and the wife of defendant Ray T. Berry. The deposition is noted  for Ft. Lauderdale, Florida. Courtney Berry, however, is seven months pregnant and experiencing potentially serious complications, complications that may be exacerbated by the stress of a deposition. Affidavit of Dr. Han (" Aff."), ¶5, attached as exhibit 1. For this reason, and several others described below, movants seek a protective order temporarily excusing Ms. Berry from being required to appear for deposition. This Court has jurisdiction to decide this Motion. *See United States v. Star Scientific, Inc*., 205 F. Supp.2d 482, 486 (D. Md. 2002) (Motz, J.), and other authorities cited *infra*, at 8-10.

II.    **Background.**

Plaintiff Shapiro sued Ray T. Berry and Behavioral Health Care Management Systems alleging that they breached a "verbal contract."  Plaintiff, a Maryland resident, chose to file this action against a Florida corporation and a Florida resident in federal court in Maryland.

A.    **Discovery Dispute in Maryland.**

In January 2003, plaintiff propounded document requests and interrogatories on both the individual and corporate defendant.  Defendants objected to the discovery sought because it was incredibly overbroad, sought documents that for the most part were neither relevant nor reasonably calculated to lead to the discovery of admissible evidence on plaintiff's claim that a "verbal contract" entitles him to a 50% interest in the defendant corporation and its "gross profits," and attempted to do was essentially "postjudgment" discovery during the initial stages of the litigation.  Defendants also objected to the disclosure of irrelevant proprietary and confidential information because plaintiff has formed or is in the process of forming a business known as Social Systems Information Solutions, Inc. ("SSIS"), which will be a direct competitor to defendant BHCMS.  While these documents have marginal evidentiary value at best, they have enormous value to a potential competitor such as plaintiff.  Currently there is an extensive discovery dispute being briefed for the Court (a dispute involving the very same documents covered by the document subpoena for which a protective order is sought).

B.    **"Non-Party" Subpoenas.**

Recognizing that the document requests propounded on the defendants would be vigorously contested, plaintiff mapped an alternative route by which to gain the documents sought.  Plaintiff issued virtually identical requests via subpoenas pursuant to Rule 45 to senior

officers of the corporate defendant:  Courtney Berry, chief executive officer and majority

stockholder of defendant BHCMS (and wife of defendant Ray T. Berry), and to Neal McGarry,

treasurer and secretary, as well as a minority stockholder, of defendant BHCMS.  Because these

"non-party" subpoenas sought documents identical to those sought from the corporate and

individual defendant, the same objections arose.

###### C.    Subpoena Issued to Courtney Berry.

Plaintiff issued one of the "non-party" subpoenas to Courtney Berry.[1]  Exhibit C.

Although Ms. Berry is not named as a party to this suit, she is no stranger to the litigation; she is

the wife of Ray T. Berry and chief executive officer of BHCMS.  The subpoena *duces tecum*

commanded Courtney Berry to produce only documents; it did not command her personal

appearance.  *Id.*  The documents requested in the subpoena are largely the documents of the

corporate defendant and are virtually identical to document requests already propounded on the

corporate defendant.[2]  Exhibit D.

─────────────────

[1]Many of the facts and circumstances related to this Motion for a Protective Order have been set forth in defendant and deponent's motion for reconsideration filed with the United States District Court for the Southern District of Florida, attached hereto as exhibit 2.  Because defendants and deponent will be referring to many of the same exhibits referenced in the Motion for Reconsideration, defendants incorporate exhibits A-K to this motion by reference.

[2]For example, both the subpoena and the document request issued to defendant BHCMS seek:

  –    "All documents referring or relating to BHCMS."  *Compare* Subpoena Request No. 1,  with Plaintiff's Document Request to BHCMS No. 12, attached as Exhibit D.

  –    "All documents referring or relating to SubAward # Q112601 (University of Maryland), including, but not limited to, all payments on the SubAward, all expenses on the SubAward, all correspondence on the SubAward, and all

(continued...)

**D.    Plaintiff's Motion to Enforce the Subpoena Issued to Courtney Berry.**

Both before and after assuming the defense of *Shapiro v. Berry*, Mr. Levy, counsel for defendants, had a series of oral and written communications with plaintiff's counsel, Vernon W. Johnson, III, about the status of discovery.[3]  Levy Aff. ¶5, attached as Exhibit E.  Although the document deposition of Courtney Berry was set for March 27, 2003, one week after Mr. Levy entered his appearance, plaintiff did never raised the matter during their several conversations. Not once during communications regarding discovery did counsel for plaintiff mention any concern regarding the document deposition (either before the scheduled deposition nor <u>after</u> that date had passed).  It simply was understood that because the same documents sought in the subpoena were being sought (and disputed) from the corporate defendant BHCMS and the individual defendant Ray T. Berry, the underlying discovery disputes needed to be resolved first.

---

[2](...continued)
    other documents referring or relating to the SubAward."  *Compare* Subpoena Request No. 4 *with* Plaintiff's Document Request to BHCMS No. 3

–    "All documents referring or relating to any contract with or relating to Bexar County, San Antonio, Texas, including, but not limited to, all payments, all expenses, all correspondence, and all other documents referring or relating to such contract."  *Compare* Subpoena Request No. 5 *with* Plaintiff's Document Request to BHCMS No. 4

–    "All documents referring or relating to any contract with or relating to Orlando Human Services Associates, including but not limited to, all payments, all expenses, all correspondence, and all other documents referring to such contract(s) or business endeavor(s)."  *Compare* Subpoena Request No. 6 *with* Plaintiff's Document Request to BHCMS No. 5.

[3]At the time Ms. Berry was served, defendants were represented by Geoffrey S. Gavet, Esquire.  *See* Affidavit of Andrew D. Levy, Esq. ("Levy Aff."), ¶3, attached as Exhibit E.  In March of this year, defendants replaced Mr. Gavet, and retained the services of Brown, Goldstein & Levy. Mr. Levy entered his appearance on March 21, 2003.

As such, Ms. Berry did not file a formal motion with her objections and counsel for both parties continued communicating about defendants' objections to plaintiff's requests.

On April 24, 2003 however, plaintiff filed Motions to Enforce the Subpoenas in the United States District Court for the Southern District of Florida. Because no prior notice was given to him, not until he received the Motions to Enforce did Mr. Levy realize that plaintiff was taking the position that the document depositions directed at Ms. Berry and Mr. McGarry should go forward.[4] *Id.* ¶6. No prior notice to defense counsel was given. Inasmuch as the deponents were officers and stockholders of the defendant corporation (not to mention the wife of the individual defendant), and the documents sought were largely corporate documents, counsel for defendants began preparing oppositions.

**E. Ruling on the Motion to Enforce.**

Upon receipt of the Motion to Enforce the subpoena to Ms. Berry deponents and defendants planned to timely respond on or before May 9, 2003, pursuant to Local Rule 7.1(a) for the Southern District of Florida.[5] On May 2, 2003, however, before defendants and deponent

---

[4]At this time, plaintiff also filed a Motion to Enforce a subpoena issued to Neal McGarry, a director, treasurer and secretary of the corporate defendants. Briefing on that issue has concluded. On May 14, 2003, United States Magistrate Judge for the United States District Court for the Southern District of Florida denied the Motion without prejudice allowing plaintiff to resubmit the motion upon disposition of the motions pending before Judge Marra and Judge Garbis.

[5]The Southern District of Florida's Local Rules provide:

> If the motion or memorandum was served by mail, count three (3) days from the date the motion or memorandum to which one is responding was certified as having been mailed. Include Saturdays, Sundays or legal holidays. Beginning on the next business day . . . count ten (10) days (for an opposing memorandum) or five (5) days (for a reply) excluding Saturdays, Sundays and legal holidays. The tenth or the fifth day is the due date for the opposing memorandum or reply, respectively.

(continued...)

had the opportunity to respond, Judge Marra ordered enforcement of the subpoena.  Although the subpoena does not command Ms. Berry's appearance, the Order indicates that Ms. Berry's personal appearance is required.  Exhibit 3.

### F.    Motion for Reconsideration.

Because deponent Berry did not have the opportunity to respond to plaintiff's Motion to Enforce the Subpoena and because the subpoena affects defendants' interests as well as the deponent's, Ms. Berry and the defendants filed a Motion for Reconsideration respectfully requesting that the Court reconsider its April 30, 2003 Order.  That Motion has not yet been ruled on.

Ms. Berry and defendants made the following arguments the following arguments in their response:

(1)    The very same issues raised in plaintiff's Motion to Enforce are the subject of two motions currently being briefed in the underlying litigation pending before United States District Judge Marvin J. Garbis in the District of Maryland.  Plaintiff's Motions to Enforce effectively represent an attempted "end-run" around Judge Garbis;

(2)    Among the motions being briefed in the District of Maryland is defendants' Motion to Bifurcate Liability from Damages and to Stay Damages Discovery, which if granted – as plaintiff knows – will deprive him of the authority to conduct the discovery he is seeking in this District;

(3)    The documents that plaintiff seeks through his subpoenas are corporate documents of an extremely sensitive and proprietary nature.  They have little substantive evidentiary value in the underlying litigation, but they have enormous value to a potential competitor such as the plaintiff, Mr. Shapiro.  Indeed, it is impossible to overstate their value in the hands of a competitor or potential competitor such as plaintiff; and

---

[5](...continued)
Local Rule 7.1(a).  Based on this rule, the deponent should have had until May 9, 2003 to respond to the Motion to Enforce, which was mailed to her on April 25, 2003.

(4)     Ms. Berry is currently seven months pregnant with her and Mr. Berry's second child.  Because Ms. Berry has suffered complications, she has been advised by her physician not to submit to a deposition.

This Motion for Reconsideration of the judge's order is pending before Judge Marra, United States District Judge in the United States District Court for the Southern District of Florida.

**G.     Notice of Deposition of Courtney Berry.**

Plaintiff has noted the deposition of Courtney Berry for May 22, 2003 despite the risks it poses to her pregnancy, despite the current discovery dispute pending before this Court, and despite the Motion for Reconsideration pending before Judge Marra in the United States District Court for the Southern District of Florida.

Ms. Berry seeks a protective order because she is in her seventh month (28th week) of pregnancy and is suffering complications.  *See* Affidavit of Dr. Han (" Aff."), ¶5, attached as exhibit 3.  Ms. Berry has been diagnosed with hyperemesis gravidarum, a complication characterized by severe and persistent nausea and vomiting.  *Id.*  The stress of a deposition or other court proceeding could place Ms. Berry at risk for experiencing further complications and could jeopardize her pregnancy. *Id.* ¶6   Because of this condition and because of the stress that likely would be associated with a deposition, Ms. Berry's physician has advised her not to sit for a deposition or any other court proceeding until she is at least six weeks post partum.  *Id.* ¶7.

Defendants have offered to postpone the deposition until after Ms. Berry gives birth, and to have the document production abide the result of the Maryland motions.   They are also willing to produce Mr. McGarry, treasurer and secretary as well as a director and shareholder of BHCMS, in lieu of Ms. Berry.  Despite these solutions, plaintiff still demands Ms. Berry's personal appearance.  There simply is no reason for plaintiff to force the issue of Ms. Berry's

deposition at this time – no reason, that is, except harassment of Ms. Berry, and by extension, her husband.

Ms. Berry therefore, has no choice but to respectfully request that this Court issue a protective order staying her deposition until after she delivers.  Her due date is July 29, 2003.

## III.    Jurisdiction

A motion for a protective order may be filed in either the district where the deposition is to be taken *or* the court in which the action is pending.  As this Court recently noted, "Rule 26(c), governing protective orders, expressly permits flexibility in cases with discovery disputes involving multiple courts."  *United States v. Star Scientific, Inc.*, 205 F. Supp.2d 482, 486 (D. Md. 2002) (Motz, J.). Rule 26(c) provides:

> Upon motion by a party or by the person from whom discovery is sought, accompanied by a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action, and for good cause shown, *the court in which the acting is pending or alternatively*, on matters relating to a deposition, the court in the district where the deposition is to be taken may make any order which justice requires to protect a party . . . .

Rule 26(c) (emphasis added).

Rule 26(c) clearly envisions that two district courts have the power to act on a motion for a protective order concerning a deposition.  *See Matter of Orthopedic Bone Screw Prod. Liab. Litig.* 79 F.3d 46, 48 (7th Cir. 1996) ("Rule 26(c) which deals with protective orders, likewise contemplates that two district courts may be entitled to act on a motion for a protective order."); *Petersen v. Douglas County Bank & Trust Co.*, 940 F.2d 1389, 1392 (10th Cir. 1991)(recognizing that a protective order could be transferred to the district court overseeing the litigation because it also had jurisdiction); *Gateway W. Railway Co. v. Terminal R.R. Assoc. of*

8

*St. Lois*, No. 96-C-1105, 1996 U.S. Dist. LEXIS 11872, *2 (N.D.Ill. Aug. 14, 1996) ("[A]

motion for, among other things, a protective order, . . . can be heard by the court where the

action is pending, pursuant to Rule 26(c).").

　　　　Rule 30(d) similarly demonstrates that two district courts have the power to rule on a

motion for a protective order:

> At any time during a deposition, a motion of a party or of the deponent and upon a
> showing that the examination is being conducted in bad faith or in such manner as
> unreasonably to annoy, embarrass, or oppress the deponent or party, *the court in*
> *which the action pending or the court in the district where the deposition is being*
> *taken* may cease forthwith from taking the deposition, or may limit the scope and
> manner of the taking of the deposition as provided in Rule 26(c).

Fed.R.Civ.P. 30(d) (emphasis added).

　　　　Additionally, many courts recognize that even when a motion for a protective order is

filed in the jurisdiction where the deposition is to be taken, the court can transfer the matter to

the court where the action is pending.  The Advisory Committee Notes to Rule 26 state:

> The language has been changed to give it application to discovery generally.  The
> subdivision recognizes the power of the court in the district where a deposition is
> being taken to make protective orders.  Such power is needed when the deposition
> is being taken far from the court where the action is pending.  *The court in the*
> *district where the deposition is being taken may, and frequently will, remit the*
> *deponent or party to the court where the action is pending.*

Fed.R.Civ.P. 26(c), Advisory Committe Notes, 1970 Amendment, Subdivision (c) (emphasis

added).  *See, e.g., United States v. Star Scientific, Inc*., 205 F. Supp.2d 482 (D. Md. 2002) (Motz,

J.) (transferring motion to compel compliance with a subpoena duces tecum issued to the district

court where action is pending); *Nature's Farm Prods., Inc. v. Giorgio Foods, Inc.*, No. 96-

298,1997 U.S. Dist. LEXIS 428, *2 (E.D.Pa. Jan. 14,1997) (approving transfer of a motion for a

protective order to the court where the action is pending) (collecting cases); *Laclede Prof'l*

*Prods., Inc. v. Sultan Dental Prods., LTD.*, No. M8-855,1999 U.S. Dist. LEXIS 4683, *2

(S.D.N.Y. Feb.17, 1999)(same); *Gateway W. Railway Co. v. Terminal R.R. Asoc. of St. Louis*,

No. 96-C-1105, 1996 U.S. Dist. LEXIS 11872 (N.D.Ill. Aug. 14, 1996); *Peterson v. Douglas*

*County Bank & Trust Co.*, 940 F.2d 1389 (10th Cir. 1991)(same).

## IV.    Argument

Defendants and deponent file this motion for a protective order to prevent the deposition

of Courtney Berry until she has given birth.  As stated already, Ms. Berry has been diagnosed

with hyperemesis gravidarum, a complication characterized by severe and persistent nausea and

vomiting.  Exhibit 3, ¶5.  The stress of a deposition or other court proceeding could place Ms.

Berry at risk for experiencing further complications and could jeopardize her pregnancy.  *Id.* ¶6

Because of this condition and because of the stress that likely would be associated with a

deposition, Ms. Berry's physician has advised her not to sit for a deposition or any other court

proceeding until she is at least six weeks post partum.  *Id.* ¶7.

This is the first motion for a protective order that either defendants or deponent Ms.

Berry have filed with respect to the subpoena.  Initially, deponent Berry and the defendants did

not file formal objections and instead the parties engaged in communications regarding the

disputed documents.  During these communications counsel for plaintiff refrained entirely from

pressing (indeed, even mentioning) the issue of the document deposition.  Not once did counsel

for plaintiff raise any concern regarding the document deposition (neither before the scheduled

deposition nor <u>after</u> that date had passed).  Defendants and deponent should not be penalized for

tabling their official objections in the hopes of reaching a global resolution to the parties'

discovery disputes.  *See, e.g., Concord Boat Corp. v. Brunswick Corp.*, 169 F.R.D. 44 (S.D.N.Y.

1996) (failure to timely file objections will not bar consideration of those objections where

counsel were in contact concerning compliance); *In re Goodyear Tire & Rubber Co. Secs.*

*Litig.*, 1991 U.S. Dist. LEXIS 14486, at *2 (N.D. Ohio June 21, 1991) (noting that strict

interpretation of Rule 45 would discourage informal dispute resolution among parties).

    Defendants and deponent have chosen to file their motion for issuance of a protective

order in this forum because this is the most convenient and practical forum to litigate these

discovery disputes.  First, Plaintiff, a Maryland resident, chose to file this action against a

Florida corporation and a Florida resident in federal court in Maryland.  As such,  plaintiff has

retained counsel in the District of Columbia and defendants have retained counsel located in

Maryland.  Litigating ancillary discovery issues in Florida would be costly and burdensome.

Second, this Court is better situated to determine this matter – this motion presents discovery

management issues, *e.g.*, a possible disposition of the motion might be to postpone the

deposition of Ms. Berry until the resolution of the other discovery disputes and then to limit the

deposition of Ms. Berry to a document deposition.  Third, the motion is unlike the usual sort of

motion considered under Rule 26(c) in a district other than that which the motion is pending –

this is not a case of a traditional non-party witness seeking to quash a subpoena, but rather one in

which a senior officer of the corporate defendant is seeking relief from a subpoena that seeks

identical documents already requested from the corporate defendant.

    Plaintiff offers no explanation why deponent Courtney Berry has been dragged into this

discovery mess.  Nor does plaintiff offer any explanation as to why the deposition of Courtney

Berry cannot be postponed.  As stated above, plaintiff has subpoenaed the identical documents

that he seeks through his document requests to defendants BHCMS and Ray T. Berry.  Plaintiff

11

Shapiro can (and should) first exhaust these more direct methods of discovery before pulling Ms.

Berry into discovery.   Otherwise, Courtney Berry will be inappropriately subjected to an "undue

burden and expense" under Rule 26(c).

**CONCLUSION**

For the foregoing reasons, the Court should issue a protective order preventing the

deposition of Courtney Berry until after she delivers her child.

Respectfully submitted,


       /s/_____
Andrew D. Levy
Staci J. Krupp
Brown, Goldstein & Levy, LLP
120 E. Baltimore Street, Suite 1700
Baltimore, Maryland  21202-6701
(410) 962-1030

Attorneys for Defendants

<u>RULE 26(c) CERTIFICATION OF GOOD FAITH</u>

Over the past couple of weeks, I have discussed by mail, telephone, and e-mail this

discovery dispute with counsel for the plaintiff.  We have been unable in good faith to resolve it.


_____/s/_____
Andrew D. Levy

12

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**Northern Division**

| | | |
|---|---|---|
| STEVEN J. SHAPIRO, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. MJG-02-3931 |
| RAY T. BERRY, *et al.*, | * | |
| Defendants. | * | |

\*    \*    \*    \*    \*    \*    \*    \*    \*    o0o    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

## ORDER

Upon Defendants' Motion for a Protective Order to Prevent the Deposition of deponent Courtney Berry it is hereby **ORDERED** that,

1. Defendants' Motion be, and hereby is, **GRANTED**, and it is further

2. **ORDERED** that the subpoena issued by plaintiff to Courtney Berry be and hereby is **STAYED** until she is six weeks post partum.

3. The plaintiff is prevented at this time from deposing defendant Ray T. Berry's wife, Courtney Berry.

_____
Jillyn K. Schulze
United State Magistrate Judge